UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

JONATHAN POWELL, *on behalf of himself and others similarly situated*,

Plaintiff,

-against-

BP ASSETS 82 LLC, *et al.*,

Defendants.

---------------------------------------------------------- X

25-CV-9302 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On September 8, 2026, I ordered the parties to file the details of their settlement agreement to facilitate review of whether the agreed-upon terms constitute a fair and reasonable compromise of disputed issues under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Doc. 39.) In an apparent response to my order, the parties filed a notice of acceptance with offer of judgment and a proposed judgment pursuant to Federal Rule of Civil Procedure 68. (Docs. 42–43.) The offer of judgment awards Plaintiff a total of seven thousand five hundred dollars ($7,500.00), comprised of two thousand five hundred dollars ($2,500.00) for attorneys' fees and five thousand dollars ($5,000.00) for alleged back wages. (Doc. 42-1 at 1 & n.1.)

In *Cheeks*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d at 206. More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019). In light of this unqualified language, I find that *Mei Xing Yu* compels the result here that I

must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

However, I note that the result here appears to be inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages. The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an 'end run' to accomplish what *Cheeks* forbade." *Mei Xing Yu*, 944 F.3d at 25–26 (Calabresi, J., dissenting). "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68." *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18-CV-994, 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020) (citation omitted). Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68." *Id.* This newfound ability for parties to submit broad and unreasonable terms and evade *Cheeks* review certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656, 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

Here, the parties have included a release provision in their offer and acceptance of judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*. Per the terms of the offer of judgment, acceptance serves to release and discharge:

> Defendants, including all of their successors, predecessors, and affiliated entities, and including all of their respective parents, affiliates, subsidiaries, divisions, principals, operators, owners (direct or indirect), board members, managing members, partners, proprietors, members of their governing boards, insurers,

> agents, managing agents, officers, servants, employees, parties, representatives, attorneys, assigns, and other professionals, from *any and all claims that were or could have been alleged by Plaintiff in the above-referenced action*, including all claims under the Fair Labor Standards Act."

(Doc. 42-1 at 1–2 (emphasis added).) "[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id.* at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. Mar. 30, 2015)). Indeed, "courts have held that in a FLSA settlement, the release must generally be limited only to wage and hour claims." *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-CV-7131, 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021); *see also Radosti v. Hudson's Bay Co.*, No. 18-CV-12266, 2022 WL 2063746, at *3 (S.D.N.Y. June 8, 2022) (rejecting settlement agreement because the release provision "is not limited to the claims asserted in this case and does not contain any time or date restrictions."); *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (declining to approve settlement agreement because release provision of proposed agreement "extends beyond the claims at issue in this action"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action.").

While I likely would have reached a different conclusion regarding the terms of the parties' offer and acceptance of judgment under *Cheeks*, I find *Mei Xing Yu* compels me to sign the proposed judgmentt. Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer

and acceptance of judgment filed in this case. (Docs. 42–43.) The judgment will be filed simultaneously with this Order.

SO ORDERED.

Dated: November 6, 2026
New York, New York

Vernon S. Broderick
United States District Judge